IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MISTY S.,**[1]

    Plaintiff,

v.

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

    Defendant.

Civ. No. 6:22-cv-1774-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Plaintiff Misty S. brings this action for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

The Commissioner concedes that the Administrative Law Judge's ("ALJ") decision contains legal error but argues that the appropriate remedy is to remand for further proceedings. Because the record has been fully developed and further proceedings would serve no useful purpose, the Commissioner's decision is REVERSED and this case is REMANDED for immediate award of benefits.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

1 – OPINION AND ORDER

**PROCEDURAL BACKGROUND**

Plaintiff applied for SSI on January 17, 2020, alleging disability beginning the same day. Tr. 13. Her claim was denied initially and upon reconsideration. *Id.* Plaintiff appeared at a hearing before an Administrative Law Judge ("ALJ") on October 6, 2021. *Id.* The ALJ denied Plaintiff's claim by a written decision dated October 20, 2021. *Id.* The Appeals Council denied Plaintiff's request for review. Tr. 1. Plaintiff now seeks judicial review of the Commissioner's final decision.

Plaintiff is 45 years old and was 42 years old at the time of her alleged disability onset. *See* Tr. 281. Plaintiff was enrolled in special education from 1989 until 1996 when she graduated from high school. Tr. 296. Plaintiff has only worked four jobs in her life, each lasting less than a year. Tr. 297. Plaintiff alleges disability due to severe anxiety, depression, polysubstance addition, spinal degenerative disc disease, complex regional pain syndrome ("CRPS"), sciatica, attention-deficit hyperactivity disorder ("ADHD"), asthma, panic attacks, and hepatitis C. Tr. 16, 83.

**STANDARD OF REVIEW**

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. *See* 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021) (reaffirming the substantial evidence standard in social security cases). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial

evidence exists, the court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989) (citing *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986)). "'If the evidence can reasonably support either affirming or reversing,' the reviewing court 'may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1996)).

## **DISCUSSION**

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2012). The burden of proof rests on the claimant for steps one through four, and on the Commissioner for step five. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner's burden is to demonstrate that the claimant can make an adjustment to other work existing in significant numbers in the national economy after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is considered disabled. *Id.*

Plaintiff argues the ALJ erred by (1) failing to properly evaluate the medical opinions of the State agency reviewing psychiatrists and of psychologist Dr. McConochie, and (2) failing to give clear and convincing reasons to discredit Plaintiff's testimony. Pl.'s Br. 3, ECF No. 10. The Commissioner concedes that the ALJ erred but argues that further proceedings are warranted to evaluate Plaintiff's subjective symptom testimony regarding her CRPS as well as the psychological medical findings. Def.'s Br. 2, ECF No. 16.

3 – OPINION AND ORDER

Generally, "when an ALJ's denial of benefits is not supported by the record, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004)). However, an award of benefits can be directed "where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Remand for calculation of benefits is only appropriate where the credit-as-true standard has been satisfied, which requires:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Even if these three factors are met, the Court must remand for further proceedings when "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id.* at 1021.

Plaintiff argues that the record is fully developed and that the record clearly demonstrates that Plaintiff is disabled. Pl.'s Reply 2, ECF No. 17. In light of the ALJ's errors, Plaintiff argues that remand for immediate award of benefits is warranted. *Id.* For the reasons explained below, the Court agrees.

**I. The ALJ's Errors**

Here, it is undisputed that the ALJ erred and failed to provide legally sufficient reasons to reject Plaintiff's subjective symptom testimony and the psychological medical opinions.

**A. Plaintiff's Subjective Symptom Testimony**

The ALJ failed to identify specific, clear, and convincing reasons to reject Plaintiff's subjective symptom testimony. An ALJ must consider a claimant's symptom testimony,

including statements regarding pain and workplace limitations. *See* 20 CFR §§ 404.1529(a), 416.929(a). Where there is objective medical evidence in the record of an underlying impairment that could reasonably be expected to produce the pain or symptoms alleged and there is no affirmative evidence of malingering, the ALJ must provide clear and convincing reasons for discrediting the claimant's testimony regarding the severity of her symptoms. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ is not "required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A)." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

Among many other things, Plaintiff suffers from severe CRPS and spinal degenerative disc disease. Plaintiff stated she experiences pain in her feet, legs, hips, and lower back and both walking and sitting worsen her pain. Tr. 341. Plaintiff testified that she can only stand for approximately 15 minutes before the pain becomes too much, and that her only relief is reclining with her legs above her head. Tr. 37–39. Additionally, several providers observed that Plaintiff demonstrates both allodynia and edema. Tr. 103, 867–69, 1001.

The ALJ found Plaintiff's CRPS to be a medically determinable impairment but offered no analysis of Plaintiff's CRPS symptom testimony. Tr. 16–20. Instead, the ALJ discredited Plaintiff's symptom testimony because, finding it inconsistent with the medical evidence in the record. Tr. 20. Specifically, the ALJ cited to a single occasion when Plaintiff lifted a 75-pound entertainment center, and a comment that Plaintiff was her father's primary care giver. Tr. 20–21. The ALJ's finding here is not supported by substantial evidence. Plaintiff had to go to the

emergency room after lifting the 75-pound entertainment system. Tr. 20, 975. Additionally, the record clearly shows that Plaintiff was not her father's primary caretaker. Tr. 320, 326.

As the Commissioner concedes, the ALJ erred by failing to provide clear and convincing reasons for discrediting Plaintiff's subjective symptom testimony.

### B. Medical Opinion Evidence

The ALJ also erred in evaluating the psychological medical opinions. The Ninth Circuit has clarified that under the new regulations, "the former hierarchy of medical opinions – in which we assign presumptive weight based on the extent of the doctor's relationship – no longer applies." *Woods*, 32 F.4th at 787. Now, an ALJ's "decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* "The most important factors that the agency considers when evaluating the persuasiveness of medical opinions are *supportability* and *consistency*." *Id.* at 791 (emphasis added) (internal quotations omitted); 20 C.F.R. § 404.1520c(a). However, the Ninth Circuit clarified that "the extent of the claimant's relationship with the medical provider – what we will refer to as 'relationship factors' – remains relevant under the new regulations." *Id.* at 790. The ALJ found the opinions of the state agency reviewing psychiatrists were not entirely persuasive. Tr. 22. As the Commissioner concedes, this was legal error. While the reviewing psychiatrists limited Plaintiff to tasks consisting of 1-2 step instructions, the ALJ only limited Plaintiff to "performing simple, routine tasks, reasoning level 2 or less." Tr. 18, 88–94, 111–17. The ALJ said the Plaintiff should be limited to, however, as Plaintiff notes, "a limitation to jobs requiring only 'one to two step tasks,' [] corresponds to reasoning level one." Pl.'s Br. 5 (citing *Dictionary of Occupational Titles* (4th ed. 1991, App/ C. § III, 1991 WL 688702)).

### II. Credit as True Analysis

6 – OPINION AND ORDER

If Plaintiff's subjective symptom testimony were credited as true, the ALJ would be required to find Plaintiff disabled. Plaintiff testified that she cannot stand more than 15 minutes without extreme pain. Tr. 38 Additionally, Plaintiff struggles to sit for more than 20 minutes without lower back pain due to sciatica and scoliosis. Tr. 41. Plaintiff testified she suffers about four debilitating migraines a day; she goes unmedicated because of her allergic reaction to the medication. Tr. 43. Furthermore, the Plaintiff testified about her mental limitations, including ADHD and comprehension issues. Tr. 37. Plaintiff illustrated the point by explaining how she took all day to organize spices by alphabetical order at a previous job. *Id.* Plaintiff's manager was extremely displeased and "yelled" at the Plaintiff; this incident would lead to the end of her employment. *Id.* The vocational expert testified that an employee who missed more than one day of work a month would be unable to maintain employment. Tr. 54. The vocational expert also testified that an employee who is off task for more than 10% of the day would not be employable in the competitive labor market. *Id.* Based on vocational expert testimony, Plaintiff would be unable to maintain employment due to her migraines, her need for breaks throughout the day due to the pain she feels from standing and sitting. Additionally, Plaintiff's emergency room visits alone show she would be unable to maintain competitive employment. Plaintiff's emergency room visits, and related follow-ups, occur at a rate of more than one day of work per month and they occur at unpredictable times. Tr. 19–22, 93, 116, 413, 1372–1476.

The Court also finds that if the improperly discredited medical opinions were credited as true and properly incorporated in the RFC, the ALJ failed to meet his step five burden. Based on vocational expert testimony, the ALJ identified three representative occupations that Plaintiff could perform: garment sorter, semiconductor bonder, and bench hand. Tr. 24–25. However, each of these jobs are classified at reasoning level two and Plaintiff's limitation of one to two

7 – OPINION AND ORDER

step tasks is reasoning level one. *DOT* (4th ed. 1991), App. C, § III, 1991 WL 688702. The ALJ failed "to identify specific jobs existing in substantial numbers in the national economy that claimant can perform despite her identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995).

### III. Further Proceedings

Defendant argues that there are "outstanding issues" to be resolved in further administrative proceedings. Def.'s Br. 2–3.

Defendant only argues that further proceedings are necessary to clarify whether the Plaintiff was the primary caregiver for her father. Def.'s Br. 4. The record is overwhelmingly clear that the Plaintiff is not her father's caretaker; it is Plaintiff's mother, who is also Plaintiff's caretaker. Tr. 320, 326. The ALJ appears to have cherry-picked an unclear comment made during a doctor's visit to support his theory. *See* Tr. 1460. "Allowing the ALJ to revisit the medical opinions and testimony that [he] rejected for legally insufficient reasons" does not qualify as a "useful purpose." *Garrison*, 759 F.3d at 1021; *Benecke*, 379 F.3d at 595 ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.").

Defendant has not identified any legitimate gaps or ambiguities in the evidence that would require further development of the record.

### IV. "Serious Doubts"

Defendant finally contends that there are "serious doubts" about Plaintiff's disability. This argument is similarly unpersuasive. Defendant argues that the state agency consultants found that the Plaintiff's limitations do not preclude all work; thus, rendering a remand for calculation of benefits inappropriate. Def.'s Br. 5.

The state agency consultants' finding that Plaintiff is not disabled does not render a remand for calculation of benefits inappropriate. As Plaintiff points out, if that were true all Social Security cases before the Court would be ineligible for remand. Pl.'s Reply 9. "The district court may exercise its discretion to remand the case for an award of benefits." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2017).

The record is clear that the Plaintiff has several mental and physical impairments that foreclose her ability work. The vocational expert testified "I don't think a person with [a profile similar to the Plaintiff's] could sustain competitive employment in any occupation." Tr. 56.

This is a rare instance where remand for an award of benefits is appropriate. Plaintiff satisfies all three requirements under *Garrison*. Moreover, consideration of the record as a whole convinces the Court that Plaintiff is disabled. The Court sees no purpose for further proceedings.

## CONCLUSION

For these reasons, the Commissioner's decision finding Plaintiff not disabled is REVERSED and this case is REMANDED for award of benefits.

IT IS SO ORDERED.

DATED this 5th day of December, 2023.

/s/Michael J. McShane
Michael J. McShane
United States District Judge

9 – OPINION AND ORDER